# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:13CV567-MOC-DSC

| | |
|---|---|
| ALFRED E. MOERHING, | ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) **AND ORDER** |
| v. | ) |
| THE BANK OF NEW YORK MELLON, et. al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the following Motions:

1. Pro se Plaintiff's "Motion for Remand" (document #11) and "Motion for Hearing" (document #12);

2. The Bank Defendants' "Motion to Dismiss" (document #14); and

3. The Trustee Defendants' "Motion to Dismiss" (document #15) and "Motion to Stay Pretrial Deadlines … [Pending Ruling on Motions to Dismiss]" (document #16); as well as the the parties' briefs and exhibits. See documents ##11, 12, 14-16, 20 and 22-30.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will deny as moot the Motion for Hearing and Motion to Stay Pretrial Deadlines. The Court will respectfully recommend that Plaintiff's Motion for Remand be denied, that Defendants' Motions

1

to Dismiss be <u>granted</u> as to Plaintiff's sole federal claim and that the Court <u>decline</u> supplemental jurisdiction of the remaining state law claims, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter involves the foreclosure of a deed of trust on real property located located at 1704 Funny Cide [sic] Drive in Waxhaw, North Carolina (the "Property"). On November 8, 2005, Plaintiff signed a promissory note (the "Note") in the amount of $1,137,500.00 payable to 1st Choice Mortgage Equity Corporation. The Note was secured by a Deed of Trust recorded on November 14, 2005 in Book 3981 at Page 345 by the Union County Register of Deeds (the "Deed of Trust," referred to collectively with the Note as the "Loan"). Plaintiff signed the Deed of Trust naming Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, solely as nominee for the Lender and its successors and assigns.

On May 13, 2011, MERS assigned the beneficial interest in the Deed of Trust to Defendant The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate holders of the Luminent Mortgage Trust 2006-1, Mortgage Pass-Through Certificates, Series 2006-1 Assignment. On November 27, 2012, a Corrective Assignment was filed to reflect that MERS' beneficial interest was assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Luminent Mortgage Trust, Mortgage Pass-Through Certificates, Series 2006-1. This correction was necessary due to a change in the name of the investor.

Plaintiff does not dispute that he failed to make the payments required under the Note. See gen. Complaint. On January 10, 2013, the Substitute Trustee, Defendant Trustee Services of Carolina, LLC, initiated a foreclosure action against Plaintiff in Union County Special

Proceeding Number 13-SP-0043 (the "Special Proceeding"). This foreclosure action is still pending.

On September 6, 2013, Plaintiff filed this action in Union County Superior Court. Plaintiff pleads eighteen "causes of action": (1) Slander of Title; (2) Broken Chain of Title, Petition for Quiet Title; (3) Failure to Satisfaction of Deed and/or Cancel a Trustee's Deed within 30 days (N.C. Gen. Stats. 45-36.9); (4) Void or Cancel an Assignment; (5) Breach of Fiduciary Duty; (6) Conversion; (7) Conspiracy to Commit Conversion; (8) Unjust Enrichment; (9) Violation of N.C. Gen. Stats. §75.1-1 Unfair & Deceptive Trade Practices Act; (10) Fraud and Misrepresentation of North Carolina Unfair Trade Practices Act; (11) Common Law Fraud and Injurious Falsehood, Fraudulent Concealment and RICO; (12) Fraudulent Conveyance; (13) Negligent Supervision; (14) Promissory Estoppel; (15) Negligent Misrepresentation; (16) Failure to Comply with Federal Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692; (17) Breach of Fiduciary Duty and Constructive Fraud; and (18) Negligence (Attorney Malpractice).

Defendants Bank of America, N.A., and Brian T. Moynihan were served with process on September 10, 2013.

On October 9, 2013, the Bank Defendants removed the state court action to the United States District Court for the Western District of North Carolina. Defendants assert the existence of federal question jurisdiction based upon Plaintiff's sixteenth cause of action brought pursuant to the FDCPA. In the Notice of Removal, the Bank Defendants state that the remaining Defendants "Trustee Services of Carolina, LLC and Brock & Scott, PLLC ["the Trustee Defendants"] have consented to the removal of this action." Document #1 at 4.

On November 8, 2013, Plaintiff filed his Motion to Remand, challenging the existence of

federal question jurisdiction and the timeliness of removal.  Plaintiff asserts that he served Bank of America Corporation on September 7, 2013.  He argues that a notice of removal by any party must have been filed within thirty days of that date – on or before October 7, 2013.

The parties' Motions have been fully briefed and are ripe for disposition.

## II. DISCUSSION OF CLAIMS

### A. Motion to Remand

Notice of removal must be filed within thirty days of the receipt by the removing party of the initial pleading, order or "other paper" from which the removing party may ascertain that the case is removable to federal court.  28 U.S.C. 1446 (b)[1]; Lovern v. General Motors Corp. 121 F.3d 160, 161-63 (4th Cir. 1997) (explaining that discovery responses may be "other paper" which enable party to first ascertain case is removable).

It is well settled in the Fourth Circuit that in actions with multiple defendants, 28 U.S.C. §§ 1441 and 1446 require that all defendants join in or consent to the notice of removal. McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 925 (4th Cir. 1992); Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985); Branch v.Coca-Cola Bottling Co. Consl., 83 F.Supp.2d 631, 634 (D.S.C. 2000); Freeman v. Bechtel, 936 F.Supp. 320, 325 (M.D.N.C. 1996); Aguiar

---

[1]28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

4

v. Evans, 607 F. Supp. 1418, 1419 (E.D. Va. 1985). The Fourth Circuit followed the "first served defendant rule" with respect to removals following McKinney, 955 F.2d at 925-26. Congress later passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"). This statute codified the the "last served defendant rule." As amended by the JVCA, § 1446(b)(2) now provides:

> (A) When a civil action is removed solely under [28 U.S.C. § ] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

McKinney has been superseded by statute. The time for removal is no longer limited by the date that the first defendant was served. Moore v. Svehlak, 2013 U.S. Dist. LEXIS 97329, *36-37 (D. Md. July 11, 2013).

Applying earlier authority, district courts in this circuit did not require each defendant to sign or file a notice of removal. Defendants were required to give timely consent "officially and unambiguously," typically by filing a "consent to removal." Parker v. Johnny Tart Enterprises, Inc., 104 F.Supp.2d 581, 583 (M.D.N.C. 1999). Accord Branch, 83 F.Supp.2d at 634; Freeman, 936 F.Supp. at 325; Aguiar, 607 F. Supp. at 1419.

More recently, in Mayo v. Board of Education of Prince George's County, 713 F.3d 735 (4th Cir. 2013), the Fourth Circuit held that "a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal." Id. at 742.

Applying those principles, the Notice of Removal was timely filed here. At least two of the Bank Defendants were not served until September 10, 2013. The Notice of Removal, which included a clear statement that all Defendants joined in removal, was filed within thirty days.

The existence of subject matter jurisdiction is a threshold issue. Any removed case

5

lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case where the district court has original jurisdiction. 28

U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction in every civil action that "arises under the Constitution, laws, or treaties of the United States." "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (internal citations omitted). Removal from state court is available if the face of the complaint raises a federal question that could have been the basis for an original action in district court. Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005).

Here, Plaintiff expressly asserts a claim arising under a federal statute, the FDCPA, 15 U.S.C. § 1692. Defendants have met their burden of establishing that Plaintiff is seeking relief under laws of the United States. Accordingly, subject matter jurisdiction is proper.

For those reasons, and the other reasons stated in Defendant's briefs, Plaintiff's Motion to Remand should be denied.

### B. Motions to Dismiss FDCPA Claim

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains

7

enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual

8

allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

In his sixteenth cause of action, Plaintiff asserts a violation of the FDCPA. Plaintiff does not specify which of the ten named defendants this claim is asserted against. Plaintiff does not allege any conduct that violates the FDCPA or plead any facts showing that any of the Defendants qualify as debt collectors under the FDCPA.

Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"Debt Collector" does not include persons who collect debt "to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person ...." Id. Therefore, "the FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Porterfield v. JP Morgan Chase Bank, N.A., No. 4:13-CV-00128BO, 2013 WL 5755499, at *6 (E.D.N.C. Oct. 23, 2013) (quoting Boyter v. Moynihan, 2013 U.S. Dist. LEXIS 48298 at *19 (W.D.N.C. April 3, 2013).

Plaintiff must plead factual allegations sufficient to plausibly demonstrate that a defendant is a "debt collector" under the FDCPA in order to survive a motion to dismiss. See Rollo v. Chase Home Fin. LLC, 2013 U.S. Dist. LEXIS 49066 (S.D. Tex. Apr. 4, 2013); Cyrus v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 34783 (N.D. Ga. Feb. 6, 2013) ("Reciting the

statutory definition without offering any facts in support is insufficient to plausibly allege that Defendants meet the definition of debt collectors, such that the FDCPA applies to them."); Mills v. JP Morgan Chase Bank, No. 1:11-CV-3709-JEC-LTW, 2012 WL 4086508, at *9 (N.D. Ga. July 23, 2012). A defendant is only a debt collector if the facts alleged demonstrate that the defendant's operations meet the statutory definition. See Comer v. J.P. Morgan Chase Bank, N.A., 2011 U.S. Dist. LEXIS 135215 (M.D. Ga. Nov. 23, 2011).

Here, Plaintiff does not cite any specific provisions of the FDCPA or allege any conduct by the Defendants that violates the Act. He makes only conclusory allegations that "attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA" and quotes the statutory definition of "debt collector." Id. Plaintiff's failure to plead any facts showing that any Defendant is a "debt collector" within the meaning of the statute or that they violated any provisions of the FDCPA is fatal to his claim.

For those reasons, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted as to Plaintiff's FDCPA claim.

### C. Supplemental Jurisdiction of State Law Claims

Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Chesapeake

Ranch Water Co. v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). See also Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005); Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994).

"[I]t is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) (citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c))).

Accordingly, for those reasons the undersigned respectfully recommends that this Court decline supplemental jurisdiction of Plaintiff's state law claims and remand this matter to state court.

### III. ORDER

**IT IS ORDERED** that:

1. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

2. Plaintiff's "Motion for Hearing" (document #12) and the Trustee Defendants' "Motion to Stay Pretrial Deadlines … [Pending Ruling on Motions to Dismiss]" (document #16) are **DENIED AS MOOT**.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Plaintiff's "Motion for Remand" (document #11) be **DENIED**.

2. The Bank Defendants' "Motion to Dismiss" (document #14) and the Trustee Defendants' "Motion to Dismiss" (document #15) be **GRANTED IN PART**, that is, that Plaintiff's sixteenth cause of action brought pursuant to the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 be **DISMISSED WITH PREJUDICE**.

3. Plaintiff's remaining state law claims be **REMANDED** to Union County Superior Court.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 3, 2014

David S. Cayer
United States Magistrate Judge