UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00567-MOC-DSC

| | | |
|---|---|---|
| **ALBERT E. MOEHRING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,** | ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

Plaintiff, who is proceeding pro se, has objected to the dismissal of his federal claim. In doing so, plaintiff has expressed that he does not understand from the wording of the Memorandum and Recommendation what is happening in his case. While the court cannot serve as counsel for a pro se litigant, the court will attempt to explain the recommendation. Plaintiff is advised that he originally filed his Complaint in state court alleging causes of action under state law as well as a claim under federal law, specifically, an alleged violation of the Fair Debt Collection Procedures Act ("FDCPA"). Because plaintiff alleged a federal cause of action, defendants had the right to remove that Complaint from state court to federal court, which has original jurisdiction over that

1

federal claim. After removal, the defendants moved to dismiss the FDCPA claim, arguing that a viable claim under the FDCPA had not been alleged by plaintiff under the circumstances of this case. United States Magistrate Judge David S. Cayer, after considering the briefs and conducting an independent review of the Complaint and the law, agreed with defendants that no viable federal claim was alleged and recommended that the undersigned, a United States District Judge, dismiss the federal claim and send the state claims back to state court. This means that if the court accepts the recommendation of Judge Cayer, the Complaint will be returned to state court for all further proceedings, less the federal claim, which would have been dismissed with prejudice and could not be brought again.

Turning to review of the Memorandum and Recommendation and plaintiff's substantive objections, the *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200.

Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation. The court has considered plaintiff's Objections to be objections as to each recommendation made by Judge Cayer, including recommended denial of his Motion to Remand, the recommended granting of defendants motions to dismiss, and the recommendation of remand to state court based on resolution of the federal question.

In considering the pending motions, Judge Cayer determined that plaintiff's Complaint concerns foreclosure of a deed of trust on real property located at 1704 Funny Cide [sic] Drive in Waxhaw, North Carolina. On November 8, 2005, plaintiff signed a promissory note in the amount of $1,137,500.00 payable to 1st Choice Mortgage Equity Corporation. The Note was secured by a Deed of Trust recorded on November 14, 2005, which named defendant Mortgage Electronic Registration Systems, Inc., as the beneficiary, solely as nominee for the Lender and its successors and assigns.

On May 13, 2011, MERS assigned the beneficial interest in the Deed of Trust to defendant The Bank of New York Mellon as Trustee for the Certificate holders of the Luminent Mortgage Trust 2006-1, Mortgage Pass-Through Certificates, Series 2006-1 Assignment. On November 27, 2012, a Corrective Assignment was filed to reflect that MERS' beneficial interest was assigned to The Bank of New York Mellon as Trustee for the Luminent Mortgage Trust, Mortgage Pass-Through Certificates, Series 2006-1. This correction was necessary due to a change in the name of the investor. Plaintiff does not dispute that he failed to make the payments required under the Note.

On January 10, 2013, the Substitute Trustee, defendant Trustee Services of

Carolina, LLC, initiated a foreclosure action against Plaintiff in Union County Special Proceeding Number 13-SP-0043 (the "Special Proceeding"). This foreclosure action is still pending.

On September 6, 2013, plaintiff filed this action in Union County Superior Court pleading eighteen causes of action, as follows: (1) Slander of Title; (2) Broken Chain of Title, Petition for Quiet Title; (3) Failure to Satisfaction of Deed and/or Cancel a Trustee's Deed within 30 days (N.C. Gen. Stats. 45-36.9); (4) Void or Cancel an Assignment; (5) Breach of Fiduciary Duty; (6) Conversion; (7) Conspiracy to Commit Conversion; (8) Unjust Enrichment; (9) Violation of N.C. Gen. Stats. §75.1-1 Unfair & Deceptive Trade Practices Act; (10) Fraud and Misrepresentation of North Carolina Unfair Trade Practices Act; (11) Common Law Fraud and Injurious Falsehood, Fraudulent Concealment and RICO; (12) Fraudulent Conveyance; (13) Negligent Supervision; (14) Promissory Estoppel; (15) Negligent Misrepresentation; (16) Failure to Comply with Federal Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692; (17) Breach of Fiduciary Duty and Constructive Fraud; and (18) Negligence (Attorney Malpractice). On October 9, 2013, the Bank Defendants removed the state court action to this court asserting the existence of federal question jurisdiction based upon plaintiff's sixteenth cause of action brought pursuant to the FDCPA.

On November 8, 2013, plaintiff filed his Motion to Remand in which he contended that a federal question did not exist and that defendants had not timely removed this action. Specifically, plaintiff argued that he served defendant Bank of America Corporation on September 7, 2013, and argues that a notice of removal by any

party must have been filed within thirty days of that date – on or before October 7, 2013. Thereafter, the Bank and Trustee defendants filed motions to dismiss (#14 and #15) contending that plaintiff had failed to state a viable claim under the FDCPA.

Judge Cayer first considered plaintiff's Motion to Remand, in which plaintiff essentially argued that the 30-day period for removal runs from service of the first defendant. While that was the law under <u>McKinney v. Board of Trustees of Mayland Community College</u>, 955 F.2d 924, 925 (4th Cir. 1992), a case which originated in this district, Congress changed the law when it enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which codified the "last served defendant rule." Put simply, this means that defendants had 30 days from plaintiff's service of the last defendant to remove this action to federal court. Further, the removing defendant's notice of consent of other defendants fully complied with prevailing case law. <u>Mayo v. Board of Education of Prince George's County</u>, 713 F.3d 735 (4th Cir. 2013). The removing defendant clearly complied with this rule and the court fully accepts Judge Cayer's recommendation that plaintiff's Motion to Remand based on improper removal be denied.

Judge Cayer next considered the motions to dismiss the FDCPA claim. After reviewing the entirety of the Complaint, Judge Cayer specifically found as follows:

> In his sixteenth cause of action, Plaintiff asserts a violation of the FDCPA. Plaintiff does not specify which of the ten named defendants this claim is asserted against. Plaintiff does not allege any conduct that violates the FDCPA or plead any facts showing that any of the Defendants qualify as debt collectors under the FDCPA.

5

M&R (#31) at 9. After discussing the requirements for alleging a viable FDCPA claim, Judge Cayer concluded that plaintiff had not pled factual allegations that could plausibly demonstrate that defendants were "debt collectors" as defined by the FDCPA. Indeed, it is not possible for plaintiff to allege that these defendants were debt collectors because the

> FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.

Porterfield v. JP Morgan Chase Bank, N.A., No. 4:13-CV-00128BO, 2013 WL 5755499, at *6 (E.D.N.C. Oct. 23, 2013) (citation and corresponding quotation marks deleted).

While attorneys certainly can be considered debt collectors in certain factual situations under the FDCPA, see Scott v. Jones, 964 F.2d 314 (4th Cir. 1992), plaintiff only asserts that "attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA," which is a legal conclusion and a fairly accurate one under Scott as well as subsequent case law. See Heintz v. Jenkins, 514 U.S. 291 (1995). In his Complaint, plaintiff contended that:

> [u]pon information and belief, Brock & Scott, PLLC., does all legal work and foreclosures for Trustee Services of Carolina, LLC., exclusively. Brock & Scott, PLLC., is a party to the creation of negotiable instruments (including, Transfers & Assignments) in a way to create an appearance of propriety under the Uniform Commercial Code.

Complaint at ¶ 27. Such allegations are not sufficient to meet the definition of "debt collector." The Supreme Court held in Heintz that "a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly "attempts" to "collect" those consumer debts." Heintz, 514 U.S. at 294. Put another way,

a defendant can only be found to be a "debt collector" under the FDCPA if the facts alleged in the Complaint demonstrate that the defendant's operations meet the statutory definition. <u>Comer v. J.P. Morgan Chase Bank, N.A.</u>, 2011 U.S. Dist. LEXIS 135215 (M.D. Ga. Nov. 23, 2011). Plaintiff's Complaint does not contain sufficient plausible allegations of fact to support a finding that any named attorney or law firm was acting as a debt collector in regards to the foreclosure of plaintiff's mortgage loan.

Finally, Judge Cayer recommended that in light of dismissal of the federal claim, this action be remanded to state court for resolution of plaintiff's surviving state law claims. 28 U.S.C. § 1367(c)(3). The court finds this recommendation to be especially apt where, as here, the state court is located in the *situs* of the property sought to be foreclosed and has (or had) before it the underlying foreclosure action. <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995). Such recommendation will also be accepted.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation, overrule plaintiff's Objections, and grant relief in accordance with the Memorandum and Recommendation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#31) is **AFFIRMED,** plaintiff's Motion to Remand (#11) is **DENIED,** defendants' Motions to Dismiss (## 14 & 15) are **GRANTED in part** and plaintiff's Sixteenth Cause

of Action asserting a violation of the federal Fair Debt Collection Procedures Act is **DISMISSED WITH PREJUDICE** for failure to state a viable claim.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, for Union County, for further proceedings.

Signed: March 14, 2014

Max O. Cogburn Jr.
United States District Judge